UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAPPHIRE MCDOUGLEH, | : | Case No. 2:25-cv-28 |
| Plaintiff, | : | |
| vs. | : | District Judge Michael H. Watson |
| | : | Magistrate Judge Elizabeth P. Deavers |
| OHIO REFORMATORY FOR WOMEN, et al., | : | |
| Defendants. | : | |

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, a prisoner at the Ohio Reformatory for Women, has filed a *pro se* civil rights complaint against defendants the Ohio Reformatory for Women, Warden Erin Maldonado, LP Smith, Nurse Brown, and Nurse Michel.

By separate Order plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

**Screening of Plaintiff's Complaint**

A. **Legal Standard**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed

by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id.* at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e)(1) as part of the statute, which provides in pertinent part:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action or appeal—
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B); *Denton*, 504 U.S. at 31. *See also* § 1915A(b). Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands

---

[1] Formerly 28 U.S.C. § 1915(d).

2

on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

### B. Allegations in the Complaint

Plaintiff brings this action against defendants the Ohio Reformatory for Women (ORW), Warden Erin Maldonado, LP Smith, Nurse Brown, and Nurse Michel. (*See* Doc. 1 at PageID 2-

3

3). In the complaint, plaintiff alleges that she has been denied adequate medical care at the ORW. Based on the complaint and attached exhibits,[2] plaintiff alleges that in 2023, while at the ORW, she was forced to go "cold turkey" and withdraw from eight different medications. (*Id.* at PageID 17-18). She further claims that she was forced to take a different medication that raised her liver enzymes. According to plaintiff, this resulted in her passing out from low blood pressure, low blood sugar, seizures, cold sweats, and vomiting. (*Id.* at PageID 18). Plaintiff claims that defendant Nurse Michel initially disregarded her symptoms "as her coming off illegal drugs," before sending plaintiff "back to MCC where she slept for four days with no food or water." (*Id.*).

Plaintiff claims that in September of 2023 she began to have seizures due to elevated liver enzymes. According to plaintiff, following one of these seizures, defendant Nurse Brown transported her to the infirmary, "tossed" her on a bed, and left plaintiff to sleep it off for four hours. Plaintiff claims that she was unable to talk for 106 days following the incident. During this time, she claims ORW staff dismissed her lack of speech as a mental health issue. Plaintiff claims that no staff member looked into her lost speech for 83 days, during which she was taunted and mocked by staff and other inmates for allegedly faking. (*Id.* at PageID 18-19).

Plaintiff claims that from September 2023 to February 2024, she experienced twenty-seven untreated seizures and sixteen falls. According to plaintiff, the falls were the result of her untreated muscular dystrophy and fibromyalgia. Plaintiff claims she was eventually taken to Ohio State

---

[2] Plaintiff has attached and referenced in the complaint a document entitled "Motion for Sentence Reduction Under 18 U.S.C. 3582(c)(1)(A) Compassionate Medical Judicial Release and Lawsuit against the Ohio Reformatory for Women." (*See id.* at PageID 4, 12-32). The undersigned understands the attached document to set forth the factual allegations underlying the claims raised in her complaint. (*See id.* at PageID 4). Pursuant to Federal Rule of Civil Procedure 10, these exhibits are considered a part of the complaint "for all purposes." Fed. R. Civ. P. 10(c). *See, e.g.*, *Fishman v. Williams*, No. 14-cv-4823, 2016 WL 11484591, at *7 (C.D. Cal. Sept. 21, 2016) ("When screening a pro se plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the Court may consider facts drawn from the complaint and supporting exhibits attached thereto.").

University hospital, where she was treated for eight days and placed back on many of her prior medications, including Keppra and metformin. Despite orders to the contrary, plaintiff claims that when she returned to the ORW, Nurse Smith took her off metformin, did not provide plaintiff with a wheelchair, and reduced her access to physical and occupational therapy. (*Id.* at PageID 20).

Plaintiff also claims that Nurse Smith denied her medical treatment for an ear infection, which plaintiff claims went untreated for five to six months. (*Id.* at PageID 21). According to plaintiff, Smith refused to care for the ear and claimed plaintiff was "seek[ing] attention due to mental health issues." (*Id.*). Plaintiff claims that she was only provided treatment after she had a hearing test and the test administrator reported to ORW officials that if plaintiff did not receive medical care that she could lose her hearing. As a result of the denial of treatment, plaintiff claims she now has permanent hearing loss in her left ear and partial hearing loss in her right ear.

Plaintiff claims that she filed administrative grievances and a letter for compassionate release to defendant Warden Maldonado's office, based on these and other medical care issues. However, according to plaintiff, her kites, grievances, and letters have gone unanswered. (*Id.* at PageID 14, 15).

Plaintiff also alleges that defendants violated the "Disability Act," which the Court construes as a claim brought under Title II of the Americans with Disabilities Act (ADA). (*See id.* at PageID 3). Specifically, plaintiff alleges that she was discriminated against and/or denied work accommodations for her medical or mental health. Such accommodation, plaintiff contends, would have enabled her to work her assigned shifts without experiencing additional seizures and other medical symptoms. (*Id.* at PageID 20-21).

Finally, plaintiff asserts that ORW acted to cover up the denial of medical care by falsifying medical records, retaliating against and/or threatening her if she did not sign the false records, and committing HIPPA violations. (*See id.* at PageID 23-25).[3]

As a result of the above factual allegations concerning the denial of medical care, plaintiff claims that she is unable to walk normally; fully deaf in her left ear and partially deaf in her right ear; unable to talk or straighten her back; and experiences major memory issues. (*Id.* at PageID 5). As relief, she seeks monetary damages and compassionate release. (*Id.*).

**C. Analysis.**

At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff may proceed with this action against defendants Smith, Brown, and Michel, based on plaintiff's claims that these defendants were deliberately indifferent to her medical care at ORW. Plaintiff may also proceed with her claim against the Ohio Reformatory for Women under the ADA. These claims are deserving of further development and may proceed at this juncture.[4]

The Court has not yet determined whether it will exercise supplemental jurisdiction over any state-law claims pursuant to 28 U.S.C. § 1367. Out of an abundance of caution, and in light of plaintiff's *pro se* status, the Court will not *sua sponte* dismiss plaintiff's state-law claims against

---

[3] In this portion of the attached documents, plaintiff includes allegations against unidentified medical personnel, ORW staff, and other non-defendants. (*See id.* at PageID 23-25). Because these allegations do not relate to individuals named as defendants to this action, the factual allegations are not included herein.

[4] The Court has not made a determination as to the merits of the claims or potential defenses thereto, nor is defendant precluded from filing a motion to dismiss, motion for more definite statement, or other appropriate motion under the Federal Rules of Civil Procedure. *See, e.g., Wiley v. Austin*, No. 8:20CV220, 2020 WL 6204382, at *3 (D. Neb. Oct. 22, 2020).

defendants ORW, Smith, Brown, and Michel at this juncture.[5] The Court will determine at a later stage in the proceedings whether the exercise of supplemental jurisdiction over the state-law claims is appropriate.

Plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

First, plaintiff's § 1983 claims should be dismissed against the Ohio Reformatory for Women. Title 42 U.S.C. § 1983 provides that "[e]very person who, under the color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ," 42 U.S.C. § 1983. A correctional facility is not a "person" subject to suit under 42 U.S.C. § 1983. *See Parker v. Michigan Dept. of Corrections,* 65 F. App'x. 922, 923 (6th Cir. 2003) (Department of Corrections not a "person" under § 1983). *See also, e.g., McGlone v. Warren Corr. Inst.,* No. 1:13cv126, 2013 WL 1563265, at *3 (S.D. Ohio Apr. 12, 2013) (Bowman, M.J.) (Report & Recommendation) (and numerous cases cited therein) (holding that claims against a state prison and the ODRC should be dismissed at the screening stage because "neither the state prison facility nor the state corrections department is an entity capable of being sued under § 1983"), *adopted*, 2013 WL 2352743 (S.D. Ohio May 29, 2013) (Dlott, J.); *see also Hix v. Tennessee Dep't of Corr.,* 196 F. App'x 350, 355-56 (6th Cir. 2006) (and cases cited therein); *Rodgers v. Michigan Dep't of Corr.*, 29 F. App'x 259, 260 (6th Cir. 2002). Accordingly, although plaintiff may proceed against the ORW under the ADA, to the extent that plaintiff seeks to hold the ORW liable under § 1983, these claims should be dismissed.

---

[5] Plaintiff asserts state-law claims of medical malpractice, abuse, and neglect, amongst other claims, against defendants in the complaint. (*See* Doc. 1, Complaint at PageID 3).

Additionally, plaintiff is unable to hold the ORW liable for alleged HIPPA violations, as there exists no private right of action under HIPPA. *See Moore v. Garner*, Case No. 2:19-cv-4032, 2020 WL 416, at *3 (S.D. Ohio Jan. 27, 2020); *Cottman v. Horizon Healcare*, Case No. 1:15-cv-68, 2015 WL 959913, at *3 (S.D. Ohio Mar. 4, 2015). *See also, e.g. Cottman v. Dunbar Armored, Inc.*, Case No. 2:19-cv-5450, at *3 (S.D. Ohio Jan. 6, 2020) (collecting cases) (Report & Recommendation), *adopted* (S.D. Ohio Jan. 28, 2020).

Warden Erin Maldonado should also be dismissed as a defendant to this action. As noted above, plaintiff alleges that Maldonado failed to respond to her kites/grievances, compassionate release motion, and other correspondence. (*See* Doc. 1, Complaint at PageID 14, 15). To the extent that plaintiff names Maldonado as a defendant based on her supervisory position in the prison, *respondeat superior* does not apply to § 1983 claims and may not serve as a basis for liability. *See Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Social Servs.,* 436 U.S. 658 (1978); *Hill v. Marshall,* 962 F.2d 1209, 1213 (6th Cir. 1992). "[Section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Furthermore, section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that Maldonado is the ORW warden and failed to respond or take corrective action in response to plaintiff's correspondence is not enough to impose liability on this defendant under section 1983.

Finally, plaintiff's request for relief in the form of compassionate release (*see* Doc. 1, Complaint at PageID 5) should also be dismissed. As noted above, plaintiff has attached a Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release from the sentence imposed in Stark County, Ohio Common Pleas Court, Case Number 2023-CR-0656 .

(*See* Doc. 1-1, Complaint at PageID 12-37). However, 18 U.S.C. § 3582 is a federal statute that is not applicable to state-court convictions/sentences and this Court lacks jurisdiction to grant plaintiff relief on this basis. *See Dodl v. Younce*, No. 7:23-cv-032, 2023 WL 2185664, at *1 (W.D. Va. Feb. 22, 2023) (dismissing petition seeking compassionate relief upon finding 18 U.S.C. § 3582(c)(1)(A) only applies to federal inmates and the court lacked jurisdiction to grant the relief sought by the state prisoner); *Husten v. Schnell*, No. 21-cv-1722, 2021 WL 5762715, at *4 (D. Minn. Nov. 3, 2021) ("18 U.S.C. 3582(c)(1)(A) concerns modifications to prison terms imposed on federal prisoners; it does not relate to state prisoners.").

Accordingly, in sum, plaintiff may proceed with this action against defendants Smith, Brown, and Michel, based on plaintiff's claims that these defendants were deliberately indifferent to her medical care in violation of the Eighth Amendment. Plaintiff may also proceed with her ADA claim against defendant ORW and, at this juncture in the proceedings, with any supplemental state-law claims asserted against defendants Smith, Brown, Michel, and the ORW. Having found that the remaining claims alleged in the complaint fail to state a claim upon which relief may be granted, plaintiff's remaining claims should be dismissed. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff has failed to provide summons and U.S. Marshal forms for service on defendants. It is therefore **ORDERED** that plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for service on defendants ORW, Smith, Brown, and Michel. Once the Court receives the requested summons and United States Marshal forms, the Court will order service of process by the United States Marshal.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The complaint be **DISMISSED** with prejudice pursuant to 28 U.S.C. §

1915(e)(2)(B), with the exception of plaintiff's Eighth Amendment medical care claim against defendants Smith, Brown, and Michel, her ADA claim against defendant ORW, and her state law claims against these defendants.

2. The Court certify pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith,. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

## IT IS THEREFORE ORDERED THAT:

1. Plaintiff, **within thirty (30) days** of the date of this Order, submit a completed summons and U.S. Marshal form for service on defendants Smith, Brown, Michel, and ORW. Once the Court receives the requested summons and United States Marshal forms, the Court will order service of process by the United States Marshal. The Clerk of Court is **DIRECTED** send to plaintiff summons and United States Marshal forms for this purpose.

2. Plaintiff shall inform the Court promptly of any changes in her address which may occur during the pendency of this lawsuit.

Date: June 25, 2025          s/ *Elizabeth A. Preston Deavers*
                             Elizabeth A. Preston Deavers
                             United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall

respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).