IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SAPPHIRE MCDOUGLEH,

    **Plaintiff,**

                                                  Case No. 2:25-cv-0028

vs.                                        Judge Michael H. Watson

                                                  Magistrate Judge Elizabeth P. Deavers

OHIO REFORMATORY
FOR WOMEN, *et al.*,

    **Defendants.**

## REPORT AND RECOMMENDATION

Plaintiff, Sapphire McDougleh, an Ohio inmate proceeding here without counsel, filed this action pursuant to 42 U.S.C. § 1983 on November 19, 2024. (ECF No. 1.) This matter is currently before the Undersigned following Plaintiff's failure to respond to a Show Cause Order dated January 9, 2026. (ECF No. 29.) For the following reasons, it is **RECOMMENDED** that this matter be **DISMISSED without prejudice** for Plaintiff's failure to prosecute.

I.

The following background is in order. In a Report and Recommendation issued on June 25, 2025, the Undersigned recommended that Plaintiff be permitted to proceed with her Eighth Amendment medical care claim against defendants LP Smith, Nurse Brown, and Nurse Michel and her ADA claim against defendant ORW. (ECF No. 17.) The Undersigned directed Plaintiff to submit, within thirty days, a completed summons and United States Marshal form for each of these defendants. (*Id.*) On July 11, 2025, Plaintiff submitted summons forms. (ECF No. 21.) The assigned District Judge adopted that Report and Recommendation in full by Order dated

July 15, 2025. (ECF No. 22.) By Order dated August 1, 2025, the Undersigned directed Plaintiff to submit, within thirty days, a completed U.S. Marshal form and a service copy of the Complaint for each Defendant. (ECF No. 23.) Plaintiff submitted U.S. Marshal forms for all but one defendant on August 22, 2025. (ECF No. 24.) Accordingly, by Order dated August 26, 2025, the Undersigned directed Plaintiff to submit the remaining summons form and the four required service copies of the Complaint. (ECF No. 25.) The Undersigned also noted, that, to the extent Plaintiff's filing indicated an intention to raise new claims or further requests for relief, such issues are more properly brought before the Court by way of an amended complaint. On September 22, 2025, Plaintiff submitted the final summons form and filed a motion to amend. (ECF Nos. 26, 27)

By Order dated November 3, 2025, the Court granted Plaintiff's motion to amend and ordered as followed:

> In order for this case to move forward without continued delay, the Court **DIRECTS** the following: Rather than submit copies of an Amended Complaint, consistent with the Court's previous Orders, Plaintiff must submit four service copies of her previously screened Complaint (ECF No. 1), one for each remaining defendant, **WITHIN THIRTY DAYS OF THE DATE OF THIS ORDER**. Upon receipt of the required service copies, the Court will direct service by the United States Marshal of the summons, Complaint, and a copy of this Order confirming Plaintiff's amended request for relief. Plaintiff's continued failure to submit service copies of the Complaint as ordered may result in a recommendation of dismissal.
>
> Finally, the Court notes that Plaintiff did not sign the submitted USMS forms. Accordingly, the Clerk is **DIRECTED** to mail to Plaintiff, for her signature, copies of the four USMS forms as previously submitted. (See ECF Nos. 24, 26.) Plaintiff is **DIRECTED** to sign these copies and return them with the service copies of her Complaint as ordered above.

(ECF No. 28.)

When Plaintiff's failure to provide service copies of the Complaint or signed copies of the USMS forms as ordered continued, the Undersigned issued a Show Cause Order on January 9, 2026. (ECF No. 29.) In that Order, the Undersigned observed:

> This case now has been pending in this Court for a year. As noted above, Plaintiff was authorized to proceed with her Eighth Amendment medical care claim against Defendants Smith, Brown, and Michel, her ADA claim against ORW, and her state law claims against these Defendants by Order dated July 15, 2025. (ECF No. 22.) In the intervening six months, Plaintiff has failed to submit the required service documents necessary to permit service by the United States Marshal despite repeated directives from the Court. (ECF Nos. 23, 25, 28.)

(ECF No. 29.) The Undersigned allowed Plaintiff fourteen days to respond and specifically cautioned Plaintiff that her failure to comply with the Order would result in the recommendation that this action be dismissed. *(Id.)* To date, Plaintiff has not responded to the Show Cause Order.

## II.

Under these documented circumstances, the Undersigned **RECOMMENDS** that this action be **DISMISSSED without prejudice** pursuant to Federal Rule of Civil Procedure Rule 41(b). *See Stough v. Mayville Cmty. Schs.*, 138 F.3d 612, 615 (6th Cir. 1998) (noting that "[p]rior notice, or lack thereof, is [] a key consideration" in whether dismissal under Rule 41(b) is appropriate); *see also Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001). The Court's inherent authority to dismiss a plaintiff's action because of their failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-

3

supported courts [and] opposing parties." *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation omitted) (internal quotations omitted). While the Court is mindful of Plaintiff's *pro se* status, dismissal is nevertheless appropriate given Plaintiff's failure to comply with the readily comprehended deadlines. *See Steward*, 8 F. App'x at 296-297 (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)).

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a forfeiture of the right to *de novo* review of by the District Judge and forfeiture of the right to appeal the judgment of the District Court. Even when timely objections are filed, appellate review of issues not raised in those objections is forfeited. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

DATED: February 4, 2026

/s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**

4